NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID SESSOMS., <br><br> Plaintiff, <br><br> v. <br><br> GENE COLLINS, JOHN LEBRON, and CITY OF NEWARK (Improperly plead as Newark Police Department) <br><br> Defendants. | Hon. Dennis M. Cavanaugh <br><br> **OPINION** <br><br> Civil Action No. 03-4810 (FSH) <br><br> and <br><br> Civil Action No. 03-3616 (DMC) |
| DAVID SESSOMS, <br><br> Plaintiff, <br><br> v. <br><br> GENE COLLINS, JOHN LEBRON, and CITY OF NEWARK (Improperly plead as Newark Police Department), <br><br> Defendants. | |

DENNIS M. CAVANAUGH, U.S. District Judge

This matter comes before the Court upon motion by City of Newark, Gene Collins and John LeBron ("Defendants") for summary judgment. No oral argument was heard pursuant to FED. R. CIV. P. 78. Defendants' motion is unopposed. After reviewing the submissions by Defendants, this

Court finds that Defendants' motion for summary judgment must be **granted**.

I.  **BACKGROUND**

On October 20, 2000, City of Newark Police officers Gene Collins and John LeBron arrested Plaintiff for possession of a controlled dangerous substance ("CDS") with intent to distribute. Following an indictment by the grand jury, Plaintiff was tried, convicted and sentenced to seven years incarceration.

Plaintiff filed two civil actions in the United States District Court for the District of New Jersey on or about July 15, 2003, against Defendants Collins, LeBron, the City of Newark and others. In an Order and Opinion dated October 23, 2003, this Court dismissed all claims in one of the two suits as being time-barred because Plaintiff filed his Complaint more than two years after his arrest. The Hon. Faith S. Hochberg likewise dismissed all the claims in the second civil action as being time-barred.

Plaintiff moved for leave to file an amended complaint in both actions. Plaintiff alleged that the statute of limitations should have been tolled because he suffers from paranoid schizophrenia. On May 13, 2004, this Court consolidated the two actions and granted Plaintiff leave to amend his Complaints. Plaintiff served his Amended Complaint on June 21, 2004, alleging that Defendant police officers falsely arrested him without probable cause and falsely imprisoned him.

Plaintiff again asserts that the statute of limitations should be tolled by reason of his insanity and that, as a result, his Amended Complaint should not be time-barred. Even if this Court were to toll the statute of limitations, Defendants argue that they are entitled to summary judgment on the merits of Plaintiff's claims of wrongful arrest and false imprisonment in violation of 42 U.S.C. § 1983.

**II.     SUMMARY JUDGMENT STANDARD**

Rule 56 of the Federal Rules of Civil Procedure provides that a party's motion for summary judgment may be granted where the pleadings, supporting papers, affidavits and admissions on file, when viewed with all inferences in favor of the non-moving party, demonstrate that there is no issue of material fact and that the movant is entitled to judgment as a mater of law. FED R. CIV. P. 56; see also Todaro v. Bowman, 872 F.2d 43, 46 (3d Cir. 1989).

Particularly, "summary judgment may be granted if the movant shows that there exists no genuine issue of material fact that would permit a reasonable jury to find for the non-moving party." Miller v. Ind. Hosp., 843 F.2d 139, 143 (3d Cir. 1988), cert. den. 488 U.S. 87 (1988). An issue is "genuine" if a reasonable jury could possibly hold in a non-movant's favor with regard to that issue. Se Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). A fact is material if it influences the outcome under the governing law. Id. at 248.

The party seeking summary judgment always bears the initial burden of production, *i.e.*, of making a prima facie case that it is entitled to summary judgment. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This may be done by demonstrating that the non-moving party has not produced evidence relating to an essential element of an issue for which it bears the burden of proof at trial. Celotex Corp., 477 U.S. at 322-23. Once this showing is made, the burden shifts to the non-moving party, who must demonstrate facts supporting each element for which it bears the burden of proof as well as establish the existence of genuine issues of material fact. Id. at 324. At the summary judgment stage, however, the Court may not weigh the evidence or make credibility findings, which is the work of the fact finder. Petruzzi's IGA v. Darling-Del., 998 F.2d 1224, 1230 (3d Cir. 1993).

In opposing summary judgment, the non-moving party may not "rest upon mere allegations, general denials, or . . . vague statements." Quiroga v. Hasbrow, Inc., 934 F.2d 497, 500 (3d Cir. 1990). In other words, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

**III.    ANALYSIS**

*Defendant Police Officers*

Plaintiff alleges that he was wrongfully arrested and imprisoned in violation of 42 U.S.C. § 1983. To establish a *prima facie* case under § 1983, a plaintiff must prove two threshold elements: (1) that the conduct occurred under color of law; and (2) that the conduct deprived them of a right, privilege or immunity under the United States Constitution or federal law. 42 U.S.C. § 1983. Defendants do not dispute that they were acting under color of law. Plaintiff, therefore, must prove the second element, his Fourth Amendment right to be free from unlawful arrest/imprisonment.

Plaintiff contends that the Defendant police officers violated his Fourth Amendment right to be free from unreasonable seizures because they arrested him without probable cause. The fact that the police may not make an arrest except upon probable cause has been clearly established under the Fourth Amendment. Orsatti v. New Jersey State Police, 71 F.3d 480, 483 (3d Cir. 1995).

Probable cause exists when "the facts and circumstances within [the agent's] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant [one] of reasonable caution in the belief that an offense has been or is being committed." Brinegar v. U.S., 338 U.S. 160, 175-76 (1949); see also U.S. v. Myers, 308 F.3d 251, 255 (3d Cir. 2002). It follows then that probable cause is a defense to an unlawful arrest under the United States Constitution. See

4

Sharrar v. Felsing, 128 F.3d 810, 817-18 (3d Cir. 1997).  Notably, reasonableness is evaluated from the perspective of a government actor at the scene, not with the benefit of hindsight.  Graham v. Connor, 490 U.S. 386, 396 (1989).

In a § 1983 action the issue of whether there existed probable cause to make an arrest is usually a question for the jury.  However, where, as here, no genuine issue of material fact exists and where credibility conflicts are absent, summary judgment may be appropriate.  The question becomes for the jury only when there is sufficient evidence by which a jury might reasonably find that the police officers lacked probable cause to arrest.  Sharrar, 128 F.3d at 818 (citing Deary v. Three Un-Named Police Officers, 746 F.2d 185, 192. (3d Cir. 1994)).

In the case at hand, the Defendant police officers set up a surveillance in response to citizens' complaints about drug-trafficking.  The Officers observed Defendant exchange small objects for money during two different encounters with individuals approaching him on the street. The officers' observation of two transactions within a short period of time in an area known for drug trade is more than adequate to support a reasonable ground for the belief that Defendant had sold drugs.  When stopped, the officers observed plastic bags of suspected marijuana in plain view sticking out of Plaintiff's waistband.

Here, the officers acted under a reasonable belief in light of the information they had at the time they stopped and arrested Plaintiff.  See Paff v. Kaltenbach, 204 F.3d 425, 437 (3d Cir. 2000).  Plaintiff offers absolutely no evidence to the contrary.  Accordingly, this Court awards summary judgment in favor of the Defendant police officers.

*Defendant City of Newark*

Plaintiff brings a federal civil rights claim against Newark. A municipality can only be held liable for the misconduct of its police force under § 1983 if a Plaintiff can prove that his injuries were the result of a policy, practice or custom established by the municipality and followed by the Newark Police Department. Monell v. Dept. of Soc. Servs. of New York, 436 U.S. 658, 691 (1978). Plaintiff must identify the alleged policy, attribute it to the City itself and show a causal link between the policy's execution and the alleged injury suffered. Losch v. Borough of Parkesburg, 736 F.2d 903, 910 (3d Cir. 1984).

There are several ways of establishing a government policy in this context. Policy is made when a decision-maker possessing final authority to establish municipal policy issues an official proclamation, policy or edict. Alternatively, a government policy may be established through custom when, though not authorized by law, the practices of state officials are so entrenched and well-settled that they virtually constitute law. Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990). Additionally, a custom may also be established in the eyes of the law by evidence of knowledge of the misconduct by the municipality and acquiescence in the continuing misconduct. Fletcher v. O'Donnell, 867 F.2d 791, 793 (3d Cir. 1989).

Plaintiff brings forth no evidence that any alleged constitutional violations resulted from any municipal policy, custom or practice. Plaintiff fails to offer evidence that even suggests a link between the officers' alleged improper action and any instruction, covert or otherwise, from the City of Newark. To impose § 1983 liability upon Newark in this circumstance would place the city in a *respondeat superior* position of liability for every action of every town employee in contravention of the Supreme Court of the United States' holding in Monell.

Accordingly, there are no questions of material facts and the City of Newark is entitled to judgment as a matter of law on the Plaintiff's § 1983 claim.

**CONCLUSION**

For the reasons stated, this Court grants Defendant's Motion for Summary Judgment in its entirety and as to all counts in Plaintiff's Complaint. An appropriate Order accompanies this Opinion.

                                        **S/ Dennis M. Cavanaugh**
                                        Hon. Dennis M. Cavanaugh, U.S.D.J.

| | |
|---|---|
| Date: | May  18 , 2007 |
| Orig.: | Clerk |
| cc: | Counsel of Record |
| | The Honorable Mark Falk, U.S.M.J. |
| | File |